# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**KAREENA GOLD**                                                                          **PLAINTIFF**
**ADC #761714**

**V.**                              **NO. 4:21-cv-00684-LPR-ERE**

**SUSAN POTTS**                                                                           **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If no objections are filed, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, the parties may waive the right to appeal questions of fact.

**II.     Background:**

Plaintiff Kareena Gold, an Arkansas Division of Correction inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983 alleging that the conditions of her past confinement at the Drew County Detention Center (Detention Center) were

unconstitutional. *Docs. 1, 7*. She alleges that Sue Potts,[1] the Detention Center's jail administrator, forced her to sleep on a concrete floor without a mat or cot. *Id.*

Pending before the Court is Defendant Potts' motion for summary judgment arguing that Ms. Gold failed to fully exhaust her administrative remedies regarding her claims before filing this lawsuit. *Doc. 17*. Ms. Gold has not responded, and the time to do has passed. *Doc. 21*.

For the reasons explained below, Defendant Potts' motion for summary judgment should be granted.

### III. <u>Discussion</u>:

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an

---

[1] The Court previously dismissed Ms. Gold's claims against Mark Gober and the Doe Defendants (*Docs. 15, 16*), and her claims against Ms. Potts are all that remain.

inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Ms. Gold to satisfy the Detention Center's requirements for raising and administratively exhausting the claims she is asserting in this lawsuit before bringing this action.[2]

In support of her motion, Defendant Potts attaches a declaration explaining that Detention Center inmates may file a handwritten request for a grievance form at any time. *Doc. 19 at 1-2*. In addition, an inmate may ask any Detention Center staff member how to file a grievance and/or grievance appeal. *Id*. The Detainee Handbook informs inmates about the basic rules and regulations for accessing the grievance procedure. *Id*. at 1, 22. Defendant Potts concludes, based on a review of Ms. Gold's inmate file, which contains numerous grievances unrelated to this lawsuit, that "she never submitted any grievances concerning her allegations listed in her initial Complaint and Amended Complaint." *Id. at 2*.

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Ms. Gold has failed to come forward with any evidence to permit a factual finding that she filed any grievances regarding the claims raised in this lawsuit. In fact, she acknowledges in her complaint that she failed to file a grievance concerning the allegations raised in this lawsuit. *Doc. 1 at 2*. Thus, Ms. Gold has failed to create a genuine issue of material fact as to whether she fully exhausted her claims against Defendant Potts. Accordingly, Defendant Potts is entitled to judgment as a matter of law, and Ms. Gold's claims should be dismissed, without prejudice, based on her failure to fully exhaust her administrative remedies.

### IV.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Potts' motion for summary judgment (*Doc. 17*) be GRANTED, and judgment be entered in favor of Defendant Potts.

2. The Clerk be instructed to close this case.

DATED this 13th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE